IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHRONDA WILLIAMS,<br>§ Plaintiff,<br>v.<br>JANET L. YELLEN, Secretary,<br>Department of the Treasury,<br>§ Defendant. | §<br>§<br>§ Civil Action No. 3:22-CV-01460-S-BH<br>§<br>§<br>§<br>§ Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Defendant's Motion to Dismiss*, filed March 6, 2023 (doc. 21), should be **GRANTED**.

## I.  BACKGROUND

On July 6, 2022, Phronda Williams (Plaintiff) filed this *pro se* action against the Secretary of the United States Department of the Treasury (Defendant) in her official capacity, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794 *et seq.* (doc. 2.)[2]

Plaintiff is employed as a contact representative by the Internal Revenue Service (IRS), Department of the Treasury. (*Id.* at 8.) During the 2018–2019 federal government shutdown, Plaintiff applied for and received unemployment benefits from the Texas Workforce Commission

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system document number and to the page number at the top of each page rather than the page number at the bottom of each page.

(TWC), amounting to $2,028.00. (*Id.* at 13.) After the shutdown, Plaintiff received retroactive wages. (*Id.* at 16.) On February 5, 2019, the IRS contacted Plaintiff, requesting that she repay the unemployment benefits she received. (*Id.* at 17.)

On December 9, 2020, a special agent (Agent) with the Treasury Inspector General for Tax Administration (TIGTA) initiated an investigation into Plaintiff's alleged failure to repay the monies. (*Id.*) Agent had been given Plaintiff's name as part of a Local Investigative Initiative (LII), which produced a list of more than 700 IRS employees who had collected unemployment benefits during the government shutdown. (*Id*. at 8.) In January 2021, after this investigation had begun, Plaintiff repaid the TWC. (*Id.* at 9.) On February 8, 2021, Agent interviewed Plaintiff about the benefit overage, and Plaintiff informed Agent that she had repaid the monies a month earlier. (*Id.*) Later that month, Agent released a report summarizing these findings. (*Id*.)

On April 20, 2021, Plaintiff was informed that she would be recommended for a fifteen-day unpaid suspension based on her alleged failure to timely pay a "just financial obligation." (*Id*.) Plaintiff served the suspension from June 23, 2021 to July 7, 2021. (*Id*.) She then challenged her suspension in a formal complaint of discrimination filed with the IRS, in which she contended that the TIGTA investigation was a "cover up" to bully, intimidate, and punish her for having previously engaged in protected activity. (*Id*. at 6 n.1, 13.) In February of 2020, Plaintiff had contacted an equal employment opportunity (EEO) counselor, alleging discrimination based on her sex and disability and retaliation, and she filed a formal complaint on March 17, 2020. (*Id*.) In support, Plaintiff pointed to an email from a TWC attorney to TIGTA that IRS employees were entitled to file for unemployment income during the shutdown. (*Id.*)

The IRS released its Final Agency Decision (FAD) on December 13, 2021, and found that

2

no discrimination had occurred. (*Id*.) Plaintiff timely appealed the FAD to the Merit Systems Protection Board (MSPB) on January 12, 2022. (*Id*. at 6.) In February of 2022, however, Plaintiff's suspension was rescinded and removed from her personnel file, and she was awarded backpay with interest and "all related benefits." (*Id*. at 10.) As a result, the MSPB dismissed Plaintiff's appeal as moot. (*Id*. at 18-19.) Plaintiff appealed the MSPB's decision to the Equal Employment Opportunity Commission (EEOC), which denied the appeal for lack of jurisdiction on June 6, 2022. (*Id*. at 2.)

On July 6, 2022, Plaintiff filed this action, alleging disability discrimination and retaliation in violation of Title VII and the Rehabilitation Act. (*Id.* at 1.)

## II.  RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (doc. 21 at 5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, courts cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at

196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Baker*, 75 F.3d at 196; *Spivey*, 197 F.3d at 774. "[P]leadings" for the purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). It is also "clearly proper in deciding a 12(b)(6) motion to take

judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

Here, Plaintiff attached several documents to her complaint, including the MSPB and EEOC decisions denying her appeals. (doc. 2 at 2-28.) Because these documents are attached to her complaint and are also matters of public record, they are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498; *see also Hawkins v. AT&T*, No. 3:12-CV-1173-L, 2013 WL 4505154, at *3 (N.D. Tex. Aug. 23, 2013) ("Documents contained in a Title VII administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss."). It is therefore not necessary to treat the motion to dismiss as a motion for summary judgment.

### III.   DISABILITY DISCRIMINATION CLAIM

Defendant argues that Plaintiff failed to exhaust her administrative remedies as to her disability discrimination claim. (doc. 21 at 5.)

The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 864 (S.D. Tex. 2010) (citing *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (citations omitted)). Plaintiffs are subject to the same procedural constraints under the Rehabilitation Act, such as administrative exhaustion, that are set forth in Title VII. *See* 29 U.S.C. § 794a; *see also Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) ("A Rehabilitation Act claimant must satisfy the procedural requirements set forth in Title VII of the Civil Rights Act of 1964."). An employee complaining of discrimination or retaliation under the Rehabilitation Act must therefore exhaust her administrative remedies by filing a charge with the elected forum, either the EEO or the MSPB, as a precondition

to bringing an action in federal court. *See Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)); *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990) (holding that a federal employee must exhaust the elected avenue of administrative relief under Title VII actions); *see also Bailey v. Napolitano*, No. 3:11-CV-1110-L, 2012 WL 1658790, at *5 (N.D. Tex. May 11, 2012) (finding that exhaustion of administrative remedies for Title VII and Rehabilitation Act claims was a condition precedent).

Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) (per curiam); *see Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that a plaintiff's Title VII claim should be dismissed for failure to state a claim where the plaintiff failed to allege exhaustion of administrative remedies); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing plaintiff's claim under Rule 12(b)(6) where plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received).

Here, Plaintiff filed a formal complaint with the IRS, alleging discrimination and retaliation. (doc. 2 at 13.) When the IRS determined that she had not been discriminated against, she appealed that decision to the MSPB and eventually to the EEOC. (*Id*. at 2.) Plaintiff's administrative proceedings focused exclusively on her allegations that the TIGTA investigation was pretextual and improper. Plaintiff did not respond to Defendant's contention that she failed to exhaust her administrative remedies, and she fails to allege that she has done so. (*See* doc. 2.) Because the allegations contained in the complaint do not establish that Plaintiff has exhausted her available administrative remedies as to her disability discrimination claim, that claim should be

dismissed without prejudice.³ *See Hoffman*, 596 F.2d at 685 ("A judicial complaint that fails to allege exhaustion of administrative remedies … is properly subject to dismissal."); *Shabazz*, 300 F. Supp. 2d at 471 (dismissing *pro se* plaintiff's Title VII claim without prejudice where the plaintiff failed to allege exhaustion of administrative remedies in his complaint); *Morgan v. Tex. Dep't of State Health Servs.*, No. 3:17-CV-0897-D-BH, 2018 WL 2031890, at *4 (N.D. Tex. Mar. 29, 2018), *report and rec. adopted*, 2018 WL 2017596 (N.D. Tex. May 1, 2018).

### IV.   RETALIATION CLAIM

Defendant moves to dismiss Plaintiff's Title VII retaliation claim for failure to plead any facts that would support it. (doc. 21 at 5.)

Title VII and the Rehabilitation Act make it unlawful for employers to retaliate against an individual because she has participated in protected EEO activities. *See* 42 U.S.C. § 2000e–3(a); 29 C.F.R. § 1614.101(b). Retaliation claims under Title VII and the Rehabilitation Act are analyzed under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Higbie v. Kerry*, 605 F. App'x 304, 307–08 (5th Cir. 2015); *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) she engaged in activity protected by Title VII or the Rehabilitation Act; (2) an adverse employment action occurred; and (3) there was a causal connection between the protected activity

---

³ Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, [however,] the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (first citing *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); and then citing *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

and the adverse action. *See Gee*, 289 F.3d at 345. Although a plaintiff is not required to plead a *prima facie* case for retaliation at the motion to dismiss stage, she must plead sufficient facts to support all of "the ultimate elements" of a retaliation claim to make her case plausible. *See Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (citing *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (explaining that the *prima facie* elements for retaliation are helpful in analyzing the sufficiency of the complaint)); *see also Avalon Residential Care Homes, Inc. v. City of Dallas*, No. 3:11-CV-1239-D, 2011 WL 4359940, at *9 (N.D. Tex. Sept. 19, 2011) (holding that proving the *prima facie* case of retaliation is sufficient, but not necessary, to survive a motion to dismiss).

Defendant argues that Plaintiff has not alleged sufficient facts to establish the third element—that there was a causal link between her prior protected activity and an adverse employment action—of her retaliation claim. (doc. 21 at 8.) To ultimately succeed on her retaliation claim, Plaintiff must prove that a causal link existed between her protected activity and an adverse employment action. *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 489 (5th Cir. 2014). Although the *prima facie* element of causation appears identical to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff, the standard for establishing a causal link at the *prima facie* stage is much less stringent. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996). A causal link is established if the facts show that the adverse employment action "was based in part on knowledge of the employee's protected activity." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Plaintiff is not required to show that her protected activity is the sole factor in motivating Defendant's challenged conduct. *Long*, 88 F.3d at 305 n.4; *accord Gee*, 289 F.3d at 345. Rather, to satisfy the causation prong, her allegations must support the

inference that "the employment decision and [her] protected activity were not wholly unrelated." *Median v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (internal citations omitted).

The causation requirement may be satisfied by showing "close timing between an employee's protected activity and an adverse action against [her]." *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 241 (5th Cir. 2019). To establish causation by timing alone, the protected activity and the adverse employment action must have occurred "very close" in time to one another. *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close'.") (citations omitted). The Fifth Circuit has found that a gap of two months is sufficiently close to satisfy the causation element, *see Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948-49 & n.39 (5th Cir. 2015), but that a gap of five months is too remote to support the inference of a causal link, *see Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002).

Here, Plaintiff's complaint contains no allegations regarding a causal link between her protected EEO activity and the challenged adverse employment actions. Additionally, the temporal relationship between the relevant events is not a close one. Plaintiff filed her first EEO complaint in February of 2020. (doc. 2 at 13.) The TIGTA investigation began in December of 2020, and Plaintiff's suspension was ultimately proposed in April of 2021, more than one year after her prior EEO activity. (*Id.* at 9.) She served her suspension in June and July of 2021. (*Id.*) These gaps of ten months, fourteen months, and sixteen months, respectively, far exceed the time periods that

the Fifth Circuit has deemed sufficient to establish causation by temporal proximity alone. Finally, there are no facts in the complaint that support the inference that "the employment decision and [Plaintiff's] protected activity were not wholly unrelated." *Median*, 238 F.3d at 684. Because Plaintiff has failed to allege a causal link between her protected EEO activity and any adverse employment action, her retaliation claim should be dismissed.[4]

### V.   OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327

---

[4] Because Defendant's motion to dismiss should be granted on this basis, it is not necessary to reach its argument that Plaintiff has failed to allege that an adverse employment action occurred.

(5th Cir. 1999).

Here, Plaintiff was specifically provided an opportunity to respond to Defendant's motion to dismiss but failed to do so. More than six months have passed since the motion to dismiss was filed, but she has not requested leave to amend, and she has not filed anything else. In addition, Plaintiff failed to exhaust her disability discrimination claim, so amendment of this claim would be futile. No *sua sponte* opportunity to amend is therefore warranted.

## VI.     RECOMMENDATION

*Defendant's Motion to Dismiss*, March 6, 2023 (doc. 21), should be **GRANTED**, Plaintiff's Title VII and Rehabilitation Act claim alleging disability discrimination should be **DISMISSED without prejudice** for failure to exhaust administrative remedies, and her retaliation claim should be **DISMISSED with prejudice** for failure to state a claim, unless she files a motion for leave to amend within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 14th day of September, 2023.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE